## SUPREME COURT.

### ROBERT S. LIVINGSTON against PHILIP B. MILLER.

*Costs of appeal* ($45) to the general term, upon a bill of exceptions taken at the circuit, may be allowed to a plaintiff upon a final recovery, where the action comes within those mentioned in § 304 of the amended code. The last clause of sub. 6, of section 307 of the amended code must be rejected as repugnant to the other provisions, and the latter must prevail.

*Dutchess Special Term, June,* 1849.—This action was commenced under the code, and tried at the last December circuit in Columbia. The plaintiff obtained a verdict upon which a judgment was rendered. The defendant made a bill of exceptions and appealed to the general term. The cause was argued, and decided in favor of the plaintiff, at the general term held in Poughkeepsie in May last. In entering up final judgment, the clerk inserted $45 for the plaintiff's costs on the appeal.

The defendant's counsel now moves to strike out the costs on the appeal on the ground that the amended code does not give costs on an appeal from a judgment.

WM. ENO, *for defendant.*

JNO. THOMPSON, *for plaintiff.*

BARCULO, Justice.—I have no doubt of the power of this court, at a special term, to entertain a motion of this kind and review and correct the proceedings of the clerks in entering up judgments, and inserting the costs of the party entitled thereto. I shall therefore briefly examine the question *whether costs are allowable on an appeal to the general term from a judgment entered upon the direction of a single justice.*

By the original code (§ 262, sub. 5) costs in suits on an appeal were clearly given. But the amended code has added to that subdivision the words, " but this provision shall not apply to appeals in cases other than those mentioned in section 349." Section 349 does not include or relate to appeals from judgments entered upon the direction of a single justice. Standing, therefore, upon this subdivision alone, it would be impossible to avoid the conclusion that no costs were allowable upon such appeals. For, although such a result might be opposed to our views of justice and propriety, this is by no means sufficient to authorize us to disregard or alter a statute which speaks intelligibly. Nor do I think that we can safely say that the Legislature have made a mistake and inserted the word " not" instead of " only," as has been suggested. Such violence can only be done to a statute which is not *intelligible* without an alteration.

But there is another principle in the construction of statutes which must govern this case. Section 304 gives costs absolutely to a plaintiff upon a recovery in certain cases, of which this is one. That these costs will attach to the suit in whatever stage the judgment may be entered, whether on the direction of a single justice, or on appeal, is a proposition too plain to admit of discussion, in the absence of any other statutory provision. The only exception to this absolute right to costs is found in section 306, which makes costs on appeals *discretionary* in cases of

granting a new trial and when a judgment shall be affirmed in part and reversed in part.

Applied to the case before us, section 304 gives the plaintiff the right to his costs on the appeal. The only remaining difficulty is, to ascertain the amount of those costs. This is to be done by a reference to the original code, which fixed the amount as charged in this bill. The last clause of sub. 6 of section 307 of the amended code being repugnant to the other provisions, must give way and the latter prevail; or, in other words, the *amendment* to sub. 5 of section 262 of the original code, which is contained in sub. 6 of section 307 of the amended code, must be rejected as repugnant to the preceding provisions, and the original reading must prevail.

The motion must therefore be denied, but without costs.